### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  BILAL ALBITAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14- |
| | ) | |
| 1.  DILLARD'S, INC. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendant. | ) | |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is Bilal Albitar, an adult resident of Oklahoma City, Oklahoma.

2. The Defendant is Dillard's, Inc. a company doing business in Oklahoma County, Oklahoma.  Dillard's, Inc. is known by the trade name of Dillards, the name reflected on Plaintiff's W-2 forms.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for race, national origin and religious discrimination, and retaliation for complaining of such discrimination in violation of Title VII of the Civil Rights Act and, for the race and national origin claims only, 42 U.S.C. § 1981. Plaintiff also asserts a claim for age discrimination in violation of the Age Discrimination in Employment Act.  The above alleged discrimination and retaliation also violates Oklahoma's Anti-Discrimination Act.  Plaintiff also asserts claims for interference with Plaintiff's rights under the Family Medical Leave Act (FMLA) and retaliation for Plaintiff's request for protected leave in violation of the FMLA. Jurisdiction over the federal claims are vested in this Court under 29 U.S.C. § 626(c); 29 U.S.C. § 2617(a)(2); 42 U.S.C. §2000e-5(f)(1); and 28 U.S.C. § 1331.  Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4.     All of the actions complained of occurred in Oklahoma County, Oklahoma  and the Defendants may be served in that county.  Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.     At time of his need for medical leave, the Plaintiff had worked for the Defendant for more than a year, had worked more than twelve hundred and fifty (1250) hours during the past twelve months and had not exhausted twelve weeks of FMLA protected leave.

6.     Defendant is an FMLA covered employer in that it had more than fifty (50) employees during at least twenty (20) weeks of each calendar year in the current or proceeding calendar year who worked within seventy-five (75) road miles of the facility where Plaintiff worked such that it was a covered employer under the FMLA, the ADEA and Title VII.  There is no minimum employee requirement to be subject to the OADA or 42 U.S.C. § 1981.

7.     Plaintiff worked for the Defendant as a Sales Associate from around September 12, 2012 until around July 8, 2014.

8.     Plaintiff is a Muslim of Palestinian descent who was born in Jordan, a country in what is considered the Middle East.

9.     Defendant was aware of Plaintiff's national origin and religion as this was discussed between Plaintiff and his supervisors, including Steve Watts (Department Manager).

10.    Around May 2013, Plaintiff applied for the job position of Business Manager for the Suits Department, a position which would have included a promotion in terms of title, job duties and wages.

11.    Around June 13, 2013 Plaintiff was denied the job of Business Manager for the Suites Department.

12.  During this period Plaintiff requested promotions into several positions that became available in the Women's Shoe department, which would have resulted in an increase in the Plaintiff's wages.

13.  Defendant denied Plaintiff promotions into each of these positions, however, Defendant promoted multiple people in multiple positions who were significantly younger than the Plaintiff and not of his National Origin, race or religion.

14.  During this period Plaintiff requested promotions into an opening position in the Men's Shoe department, which would have resulted in an increase in the Plaintiff's wages.

15.  Plaintiff was denied every open position in the Men's Shoe department, even though during this period at least four or five positions were open, and each time Defendant hired someone who was significantly younger than the Plaintiff and not of Plaintiff's National Origin, race or Religion.

16.  After being denied at least seven of the higher paid positions, Plaintiff asked his supervisor, Steve Watts[1] (white) why he was not being promoted.  Mr. Watts told the Plaintiff that he was not being promoted because the Defendant "wanted to make sure" that Plaintiff "fit in".

17.  During Plaintiff's employment he was told by one of Defendant's employees, Brandon (last name unknown)(white) that he (Brandon) was "watching all Muslims." Brandon also made comments about the Plaintiff being Muslim and treated Plaintiff significantly worse than other employees.

18.  Around December, 2012 Plaintiff made a complaint of discrimination to Mr. Watts and Shawn Morris (white)(General Manager).  Plaintiff told Mr. Watts and Mr. Morris that he felt discriminated against because he was Middle Eastern and Muslim.

_____

[1] Spelling of names are approximate based upon Plaintiff's best recollection.

-3-

Plaintiff also complained that he believed he was not receiving the promotions/transfers because of being Middle Eastern and Muslim.

19. After Plaintiff's complaint his schedule was significantly changed. Additionally, Plaintiff continued to request transfers into open positions that became available in the Women's Shoe department and the Men's Shoe department.

20. Around January 27, 2014 Plaintiff filed an EEOC charge of discrimination for discrimination based on race, national origin, religion, age and retaliation.

21. After Defendant learned of Plaintiff filing the EEOC charge of discrimination Defendant engaged in further retaliation, including, increasing the amount of sales the Plaintiff was required to make in order to keep his job. Defendant set the Plaintiff up to fail by continuing to make increases in his job duties and quotas knowing that it would be impossible to reach the goals arbitrarily set by the Defendant.

22. Employees who had not made the same complaints as the Plaintiff had lower quotas than the Plaintiff and did not have their quotas increased.

23. Around June 12, 2014 Plaintiff fell and seriously injured his left leg, left knee and back.

24. Plaintiff's treating physician ordered Plaintiff to take off work the following two work days, then adjusted his orders to require Plaintiff to take off work for an additional day.

25. Plaintiff notified the Defendant of his injury, doctor's orders, and inability to go to work from June 12, 2014 through June 14, 2014.

26. Plaintiff returned to work around June 16, 2014.

27. Around June 16, 2014 Plaintiff was told by Mr. Watts that he was going to be terminated "at the end of the month". Plaintiff asked Mr. Watts if he was being terminated because of his injury. Mr. Watts responded in the affirmative, telling

Plaintiff he was going to be terminated because of his knee and the effect on insurance that covered the Plaintiff and his injury.

28. Defendant terminated the Plaintiff's employment around July 8, 2014.

29. The stated reason for the termination, given on the last day of Plaintiff's employment, was that Plaintiff failed to make his sales quota.

30. After his termination the Plaintiff underwent treatment for his injury, including around July 9, 2014.  Plaintiff is undergoing surgery for his injury around July 28, 2014.  Had the Plaintiff not been terminated he would have been able to utilize his FMLA leave for his medical appointments.  Terminating the Plaintiff interfered with is ability to utilize protected FMLA leave for these and other medical appointments, which is a *per se* violation of the FMLA.

31. As a direct result of Defendant's conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front wages along) and emotional distress including worry, frustration, anxiety and similar unpleasant emotions.

32. At the least the motivating factors in the discriminatory conduct, including failure to promote and  termination of the Plaintiff, were his race, national origin, religion, age, Plaintiff's complaints of such discrimination and/or Plaintiff seeking protected medical leave under the FMLA.

33. Plaintiff exhausted his administrative remedies as to the failure to promote claims by timely filing an EEOC charge of discrimination on January 27, 2014.  The EEOC issued his right to sue letter on May 8, 2014 and Plaintiff received such letter thereafter.  This complaint is timely filed within 90 days of Plaintiff's receipt of his right to sue letter.

34. There is no exhaustion required to bring claims under the FMLA or 42 U.S.C. § 1981.  Plaintiff's current claims for wrongful termination are limited claims under the FMLA and 42 U.S.C. § 1981, for which no exhaustion is required.  On July 21,

2014 Plaintiff filed an EEOC charge of discriminatory termination in violation of Title VII, the ADA, the OADA and the ADEA. Plaintiff intends to amend the complaint to include these claims upon exhaustion of his administrative remedies.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

35.   Discrimination on the basis of race and/or national origin (including failure to promote and termination) violates Title VII, OADA and 42 U.S.C. § 1981.

36.   Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs

37.   Plaintiff is entitled to liquidated damages under the OADA.

38.   Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claims.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

39.   Discrimination and retaliation on the basis of a age violates the Age Discrimination in Employment Act and OADA.

40.   Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs and liquidated damages under the OADA.

41.   Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff

is entitled to an award of liquidated damages under federal law.

## COUNT III

For Plaintiff's third cause of action he incorporates the allegations set forth above and further provides that:

42. Discrimination on the basis of religion and retaliation for complaining of religious discrimination (including failure to promote and termination) violates Title VII and the OADA.

43. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs

44. Plaintiff is entitled to liquidated damages under the OADA.

45. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claims.

## COUNT IV

For Plaintiff's forth cause of action he incorporates the allegations set forth above and further provides that:

46. The interference with an employees' rights under the FMLA and termination in retaliation for taking FMLA protected are violations of the FMLA.

47. Defendants actions were a violation of Plaintiff's FMLA rights and are therefore willful as defined by the FMLA.

48. As a result of such interference and retaliation Plaintiff has suffered wage and benefit loss (past, present and future) for which he is entitled to compensation which also includes interest on the wage and benefit loss which accrues prior to trial.  Plaintiff is also entitled to liquidated damages and attorney fees and costs.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 22ND DAY OF JULY, 2014**.

HAMMONS, GOWENS & HURST

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS & hurst
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: Amberh@hammonslaw.com
        Mark@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED